Per Curiam.

Petitioner alleges that his indictment was void in that it was vague, indecipherable and charged multiple offenses. Specifically, he urges that both offenses are dependent essentially on the same elements. In point of fact there were two indictments, both arising out of the same series of incidents. One charged petitioner with breaking and entering with intent to commit a felony (Section 2907.09, Revised Code), and the other charged assault with intent to commit rape and/or kill (Section 2901.24, Revised Code). These are two separate and distinct offenses with entirely different elements. The offense of breaking and entering is accomplished at the time of the entry, and the accused is guilty thereof whether he commits the intended felony or not. The actual commission of the intended felony is not an element of the offense of breaking and entering. Where the felony actually is committed, a new and different crime arises for which the accused may also be convicted. See Grove v. Maxwell, Warden, 173 Ohio St., 559.
The fact that each indictment charged the intent in the alternative, to rape and/or kill, although possibly entitling petitioner to a bill of particulars prior to his plea of guilty, does *320 not invalidate the indictment and cannot be raised as a ground of error after his conviction by a plea of guilty. State v. Hardy (1950), 359 Mo., 1169, 225 S. W. (2d), 693.
Next, petitioner raises questions relating to the service of the indictment. Here he alleges that the letter but not the spirit of the law was complied with. Objections to alleged defects in the service of an indictment must be raised prior to trial or plea of guilty. Smith v. State, 8 Ohio, 295; Fonts v. State, 8 Ohio St., 98; and Click v. Eckle, Supt., 174 Ohio St., 88.
Petitioner’s final contention relates to certain representations allegedly made by his own counsel to induce his plea of guilty and an argument that his trial was postponed to coerce him into pleading guilty. Other than petitioner’s own statement there is nothing in the record to indicate a postponing of his trial for any reason. So far as representations to him by counsel are concerned, evidence was introduced by the state to show that no such representations were made. Even assuming such conduct by his own counsel, this is not a matter reviewable in habeas corpus. Villasino v. Moxwell, Warden, 174 Ohio St., 483; and Norton v. Green, Supt., 173 Ohio St., 531.
Petitioner has established no right to release.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.